# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:13-CV-550 CAS |
| COMMERCIAL DRYWALL CONSTRUCTION, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Commercial Drywall Corporation ("CD Corp.") and Thomas E. Wilkerson's motion to extend the time to answer or, in the alternative, file a responsive pleading out of time. The Court will construe defendants' motion as a motion to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). For the following reasons, defendants' motion will be denied.

**Background**

Plaintiffs bring this action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and pursuant to Section 502 and 505 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145 to collect delinquent fringe benefit contributions. Defendants CD Corp. and Thomas Wilkerson were served with the summons and complaint on March 27, 2013. Defendants Commercial Drywall Construction ("CD Construction") and Peter Dooley were served with the summons and complaint on March 31, 2013. Defendants did not file answers or otherwise respond to the complaint.

Plaintiffs' complaint alleges that defendant CD Corp. is the alter ego of defendant CD Construction. Plaintiffs allege these defendant entities share the same officers, participate in the same industrial market, retain the same employees, have the same customers, and have a unity of labor relations. (Compl. at ¶¶56-57). As such, plaintiffs allege CD Corp. is bound to the collective bargaining agreements as a single and joint employer with CD Construction. (Id. at ¶¶ 59-60). Additionally, plaintiffs allege that the defendant companies acted under the authority of defendant Thomas Wilkerson in such a manner that Mr. Wilkerson should be held personally liable for the debts of the companies. (Id. at ¶¶ 73-75).

On May 9, 2013, a Clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure was entered against all four defendants. On December 5, 2013, the Court ordered the corporate defendants, CD Corp. and CD Construction, to submit to an audit so plaintiffs could determine the amounts owed to plaintiffs. On December 27, 2013, counsel for defendants CD Corp. and Thomas Wilkerson entered an appearance and filed the instant motion "to extend time and or file responsive pleadings out of time." See Doc. 21.

Because the Clerk of Court has already entered default against all defendants and has already entered a default order of an accounting against defendants CD Corp. and CD Construction, the motion is properly considered a motion to set aside Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c).[1]

---

[1]Plaintiffs' opposition to defendants' motion cites the more stringent standard of "excusable neglect" pursuant to Federal Rule of Civil Procedure 60(b). This standard applies to motions for relief from a final judgment. Because the Court has not entered default judgment against the individual defendants, the Court will use the lesser standard of "good cause" pursuant to Federal Rule of Civil Procedure 55(c).

**Discussion**

An entry of default under Rule 55(a) will not automatically be set aside. Rule 55(c) provides that a court may set aside an entry of default for good cause. The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)." Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008). The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).

    (1)    Culpability of Defaulting Party

In applying the more lenient "good cause" standard, the Eighth Circuit has focused heavily on the first factor, that is the blameworthiness of the defaulting party. Johnson, 140 F.3d at 784. The Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a marginal failure to meet pleading or other deadlines." Id. (internal quotations omitted). It has "rarely, if ever, excused the former." Id. Relief has been granted, however, for marginal failures when there were meritorious defenses and no prejudice to plaintiffs. Id.

Defendants' reply brief states that "despite the service returns, [the responding defendants] do not have any recollection of being personally served in this matter." (Defs.' Reply at 1). The affidavit of service for defendant Thomas Wilkerson states that he was personally served with the

summons and complaint at his home on Wednesday, March 27, 2013 at 8:35 p.m. See Doc. 14. Mr. Wilkerson is also the registered agent for CD Corp., and he was served the summons and complaint for CD Corp. at the same time. See Doc. 13.

As defendants point out, Mr. Wilkerson is no stranger to the courts and court procedure. He was named as an individual defendant in at least two ERISA cases pending in this Court against his former company, Master Craftsman Services, Inc.: Carpenters' District Council of Greater St. Louis and Vicinity v. Master Craftsman Services, Inc., No. 4:06-CV-1251 FRB (E.D. Mo. filed Aug. 18, 2006), and Carpenters' District Council of Greater St. Louis and Vicinity v. Master Craftsman Services, Inc. No. 4:07-CV-1976 AGF (E.D. Mo. filed Nov. 27, 2007). In both cases, consent judgments were entered against defendant Master Craftsman Services, Inc., for $216,208.26 and $56,298.94 respectively. In neither case has the defendants entered a satisfaction of judgment. In fact, it appears from the Court records that neither consent judgment has been paid. See 4:06-CV-1251 at Doc. 16; 4:07-CV-1976 at Doc. 13. In addition to ERISA cases filed in this Court, Mr. Wilkerson's company Master Craftsmen Construction Services, Inc. was also sued for ERISA violations in the United States District Court for the Southern District of Indiana, Mark McCleskey v. Master Craftsmen Construction Services, Inc., No. 1:08-CV-40 LJM-JMS (S.D. Ind. filed Jan. 10, 2008).

More recently, CD Corp. and CD Construction were defendants in a separate ERISA action brought in this Court by the Carpenters' District Council of Greater St. Louis and Vicinity, Carpenters' District Council of Greater St. Louis and Vicinity v. Commercial Drywall Construction, No. 4:12-CV-805 CEJ (E.D. Mo. filed May 4, 2012). As a registered agent of both companies, Mr. Wilkerson was served with process, but never entered an appearance or answered the complaint. In

that case, Judge Carol E. Jackson entered an order stating that during the course of an investigation, plaintiffs learned that one of the principals of CD Construction, namely Thomas Wilkerson, created a new company with a nearly identical name, CD Corp. Id. at Doc. 24. On June 19, 2013, a default judgment was entered against CD Construction in the amount of $81,734.27.

In addition to his ERISA cases, Mr. Wilkerson has been the respondent in a petition to enforce an IRS Summons, arising out of an investigation into the trust fund recovery penalty liability for 2001 through 2005, United States v. Thomas Wilkerson, No. 4:07-MC-495 DJS (E.D. Mo. filed Sept. 24, 2007). He was also the respondent in another petition to enforce an IRS Summons, arising out of the income and employment tax liabilities of his company Mastercraftsmen Construction, Inc., United States v. Thomas Wilkerson, No. 4:07-MC-496 DJS (E.D. Mo. filed Sept. 24, 2007).

Mr. Wilkerson has also filed five separate bankruptcy actions in the Bankruptcy Court for the Eastern District of Missouri: No. 4:08-BK-41656 (Bankr. E.D. Mo. filed Mar. 12, 2008); No. 4:08-BK-45782 (Bankr. E.D. Mo. filed Aug. 1, 2008); No. 4:08-BK-47664 (Bankr. E.D. Mo. filed Oct. 1, 2008); No. 4:09-BK-44366 (Bankr. E.D. Mo. filed May 12, 2009), and; No. 4:09-BK-51668 (Bankr. E.D. Mo. filed Nov. 16, 2009). All five bankruptcy actions were dismissed for either a failure to file an information or a failure to pay the filing fee.

Finally, Mr. Wilkerson was involved in an adversary proceeding in the bankruptcy court brought by the Bankruptcy Trustee for debtor Peter Dooley for the return of property, In re: Peter Christopher Dooley v. Wilkerson, 4:13-AP-4278 (Bankr. E.D. Mo. filed Nov. 20, 2013). In that case, as part of Mr. Dooley's bankruptcy estate, the Trustee sought the return of a 2006 H2 Hummer worth $20,000 that was in the unlawful possession of Thomas Wilkerson. Mr. Wilkerson was served, his attorney entered an appearance, and the case was eventually dismissed without prejudice.

In the present case, Mr. Wilkerson was personally served at his home on a Wednesday evening at 8:35 p.m. He was served individually and as the registered agent for CD Corp. Undeniably, he had actual notice of this action through personal service. He does not deny receipt of the summons and complaint. He offers no excuse as to why he failed to respond to the complaint, stating merely that he "does not have any recollection" of being served. He took no action until after the Court issued its default order compelling an accounting against defendants CD Construction and CD Corp.

Mr. Wilkerson is an unusually experienced litigant in federal court. Through his many dealings with the Court, Mr. Wilkerson has undoubtedly gained knowledge of court rules and procedures. He and his companies have defended several prior ERISA actions. Prior consent judgments have been entered in cases brought against him and his companies. A prior default judgment has been entered against CD Construction, a company he organized and for which he served as the registered agent. See, e.g., Carpenters' Dist. Council of Greater St. Louis and Vicinity v. Commercial Drywall Constr., LLC, No. 4:12-CV-805 CEJ (Doc. 17-2) and (Doc. 30) (default judgment dated June 19, 2013). The court finds that Mr. Wilkerson's failure to enter an appearance and answer the complaint in this action shows a willful disregard for the court deadlines and procedural rules. Focusing on the blameworthiness of the defaulting defendants, the Court finds their unexplained and unexcused conduct weighs heavily against a finding of good cause.

(2) Existence of Meritorious Defense

Defendants Mr. Wilkerson and CD Corp. state that plaintiffs seek records for a period of time exceeding defendants' contractual relationship with plaintiffs. Defendants state the plaintiff union's relationship with CD Corp did not start until December 4, 2013. Further, defendants state that

plaintiffs have improperly tied Mr. Wilkerson and CD Corp. with defendants Peter Dooley and CD Construction, who remain in default. Mr. Wilkerson asks the Court to take judicial notice of the bankruptcy filing of defendant Peter Dooley, In re: Peter Christopher Dooley, No. 4:13-BK-48819 (Bankr. E.D. Mo. filed Sept. 26, 2013). Mr. Wilkerson states that documents filed in that case indicate Mr. Dooley has "a sole interest in the other corporate defendant known as Commercial Drywall Construction, LLC." (Defs.' Reply at 2).

Federal courts may take judicial notice of proceedings in other courts if they relate directly to the matters at issue. United States v. Evans, 690 F.3d 940, 943 (8th Cir. 2012). The Eighth Circuit has noted, "[W]e may take judicial notice of judicial opinions and public records[.]" Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing United States v. Eagleboy, 200 F.3d 1137, 1140 (8th Cir. 1999)) (taking judicial notice of an unpublished order of default judgment in the bankruptcy court); see also Hart v. Commissioner, 730 F.2d 1206, 1207-08 n.4 (8th Cir. 1984) (per curiam) (federal court may take judicial notice of proceedings in other courts that directly affect matter at issue).

The Court has taken judicial notice of the bankruptcy file of debtor Peter Dooley, and finds nothing in that file that would indicate Mr. Dooley owned the sole interest in CD Construction for the period September 1, 2010 to the present. In fact, filings from the Secretary of State's office dated May 4, 2012 show Mr. Wilkerson, and not Mr. Dooley, as the organizer and registered agent of CD Construction. See 4:12-CV-805 CEJ (Docs. 17-2 and 17-3); see also id. at Doc. 24. Beyond asking the Court to take judicial notice of the file, defendants have offered no factual support and no citation within the file as to what exactly would indicate Mr. Dooley owned the sole interest in CD Construction. If anything, the bankruptcy file of Mr. Dooley indicates that Mr. Wilkerson maintains

some unpaid interest in either CD Construction or Mr. Dooley's bankruptcy estate. Mr. Wilkerson allegedly stole a $20,000 Hummer H2 vehicle from Mr. Dooley and the vehicle is "being held hostage in lieu of monies [Mr. Wilkerson] claims is owed by Peter Dooley." In re: Peter Christopher Dooley, No. 4:13-BK-48819, Doc. 1 at 38.

Although defendants state that the plaintiff union's relationship with CD Corp. did not start until December 4, 2013, this does not present a meritorious defense to the allegations in the complaint. The complaint alleges CD Corp. is a "disguised continuance" or alter ego of CD Construction. As such, CD Corp. is bound by the collective bargaining agreement as a single employer with CD Construction. Assuming CD Corp.'s relationship with the union did not start until December 4, 2013, this would not preclude CD Corp.'s liability to plaintiffs under the alter ego theory.

Defendants have not presented a meritorious defense. Based on the extensive litigation history of these defendants, the Court has found public records that directly contradict defendants' representations. The Court takes judicial notice of these public records. Because defendants have not presented a meritorious defense, the Court finds no good cause to set aside the entry of default.

(3)     Prejudice to Plaintiffs

Plaintiffs state they will be prejudiced if the entry of default and the default order of an accounting are set aside because defendants will have additional time to conceal, change, or destroy evidence necessary for plaintiffs to prove their case. Plaintiffs also state that judgments continue to be entered against defendants upon which other employee benefit funds can collect, while plaintiffs continue to litigate this action. Plaintiffs specifically point to the $80,000 default judgment in favor

of the Carpenters' District Council in Carpenters' District Council of Greater St. Louis and Vicinity v. Commercial Drywall Construction, LLC, No. 4:12-CV-805 CEJ.

The Court has entered default and ordered a default judgment of accounting against defendants CD Construction and CD Corp. Setting aside the entry of default and default order of accounting would prejudice plaintiffs by the potential loss of evidence. Defendants have an extensive litigation history in this Court, most notably ERISA litigation, and a history of creating and dissolving corporate entities. Although the underlying motives for the creation and dissolution of these entities is not clear, it is likely that setting aside the defaults would increase plaintiffs' difficulties in discovery and provide opportunities for defendants to commit fraud and collusion. Plaintiffs have shown prejudice if the defaults were set aside, and this factor favors plaintiffs.

**Conclusion**

For the foregoing reasons, the Court concludes that the factors identified in Johnson v. Dayton Electric Manufacturing Company weigh in plaintiffs' favor. Defendants CD Corp. and Thomas Wilkerson have not shown "good cause" to set aside the Clerk's entry of default pursuant to Rule 55(c), and the Court will deny their motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Commercial Drywall Corporation and Thomas E. Wilkerson's motion for an extension of time to file an answer or, in the alternative, file a responsive pleading out of time, construed as a motion to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c), is **DENIED**. [Doc. 21]

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>30th</u> day of July, 2014.